UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK BEDAMI,

    Plaintiff,

v.                                                                                    Case No: 8:16-cv-2015-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Frank Bedami seeks judicial review of the denial of his claim for supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for supplemental security income on October 16, 2013. (Tr. 158.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 82, 88.) Plaintiff then requested an administrative hearing. (Tr. 94.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 35–58.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 21–30.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1.) Plaintiff then timely filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1954, claimed disability beginning on September 15, 2011. (Tr. 158.) Plaintiff has a high school education. (Tr. 192.) Plaintiff's past relevant work experience included work as an industrial worker. (Tr. 192–93.) Plaintiff alleged disability due to a pinched nerve, chronic obstructive pulmonary disease, a heart condition, and carpal tunnel syndrome. (Tr. 191.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since October 16, 2013, the application date. (Tr. 26.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: chronic obstructive pulmonary disease, history of atrial fibrillation status post ablation, and carpal tunnel syndrome. (*Id.*) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform medium work, limited to frequent fingering bilaterally with "fine manipulation of items no smaller than the size of a paperclip," frequent handling of objects bilaterally, no more than concentrated exposure to irritants such as fumes, odors, dust, gases, or poorly ventilated areas, and no more than concentrated exposure to hazardous machinery or unprotected heights. (Tr. 28.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (*Id.*)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work as an industrial cleaner. (Tr. 30.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (*Id*.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. Thus, the social security regulations used to determine disability "place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to

perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th Cir. 1985)). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

# ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed take into account Plaintiff's limited ability to stand or walk; (2) the ALJ erred in finding that Plaintiff is able to perform work with concentrated exposure to irritants; and (3) the ALJ erred in failing to consider Plaintiff's limitations in handling hazardous equipment. For the reasons that follow, none of these contentions warrant reversal.

### A. Plaintiff's Ability to Stand or Walk

Plaintiff first maintains that the ALJ erred in finding Plaintiff able to perform his past work as an industrial cleaner because state agency consulting physician Dr. Audrey Goodpasture opined that Plaintiff can only stand or walk for six hours in an eight-hour workday. (Dkt. 26 at 6.) Plaintiff states that the ALJ implicitly adopted Dr. Goodpasture's findings. (*Id*.) Plaintiff then points to Social Security Ruling 83-10, which provides that "[a] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time." SSR 83-10 (S.S.A. 1983), 1983 WL 31251. Plaintiff further contends that the VE's testimony confirms that "there are medium jobs which require standing and walking greater than about six hours in an eight hour workday." (Dkt. 26 at 6.)

In determining whether a claimant is disabled, the ALJ assesses the claimant's RFC and his ability to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The RFC is "the most" a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). To determine a claimant's RFC, an ALJ assesses all of the relevant evidence of record, and the ALJ considers the claimant's "ability to meet the

physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(1), (a)(4). Therefore, the ALJ's RFC assessment need not be identical to a particular assessment of record or incorporate precise limitations set forth by a physician. *See* 20 C.F.R. § 416.945(a)(3) (stating that all of the record evidence is considered in the RFC assessment). Nevertheless, the ALJ will consider the limiting effects of all the claimant's impairments, even those that are not severe, in determining the RFC. *Id.* § 404.1545(e). An ALJ's statement that he considered all claimant's impairments in determining claimant's RFC are sufficient "to demonstrate that the ALJ considered all necessary evidence." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014); *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986).

After considering "all evidence" and the "entire record," the ALJ concluded that Plaintiff retained the RFC to perform a medium exertion level of work, limited to frequent fingering bilaterally with "fine manipulation of items no smaller than the size of a paperclip," frequent handling of objects bilaterally, no more than concentrated exposure to irritants such as fumes, odors, dust, gases, or poorly ventilated areas, and no more than concentrated exposure to hazardous machinery or unprotected heights. (Tr. 28.) Thus, the ALJ found Plaintiff able to perform medium work with no limitations to Plaintiff's ability to stand, walk, or sit. (*Id.*) In addressing Dr. Goodpasture's opinion and affording it significant weight, the ALJ noted that Dr. Goodpasture "opined that the claimant remains able to perform medium exertion with some environmental limitations." (Tr. 29.) The ALJ did not include Dr. Goodpasture's opinion regarding Plaintiff ability to walk, stand, or sit in Plaintiff's RFC. (*Id.*) Thus, despite Plaintiff's argument, the ALJ did not implicitly adopt Dr. Goodpasture's opinion that Plaintiff can only stand, walk, or sit for six hours in an eight-hour workday.

Further, in evaluating medical opinion evidence, the ALJ considers the examining and treatment relationship between the claimant and doctor, the length of the treatment and the frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the specialization of the doctor, and other factors that tend to support or contradict the opinion. *Hearn v. Comm'r of Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015). Dr. Goodpasture served as a consultative examiner and, as such, her opinions are not entitled to the deference normally given treating sources. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (finding that opinions of consultative examining physicians "are not entitled to deference because as one-time examiners they were not treating physicians"); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160–161 ("The ALJ correctly found that, because [a consultative examiner] examined [claimant] on only one occasion, her opinion was not entitled to great weight."); 20 C.F.R. § 404.1527(c)(2) (explaining that treating sources are given greater weight because their opinions "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations"). Dr. Goodpasture was not Plaintiff's treating physician. Rather, she examined Plaintiff's medical records to provide opinions concerning Plaintiff's social security application. Thus, although the ALJ accorded Dr. Goodpasture's opinion concerning Plaintiff's ability to perform work at a medium exertion level significant weight, her opinions were not entitled to the deference normally given to treating sources.

With regard to Plaintiff's argument that the VE testimony supports a finding that there are medium exertion level jobs which require standing and walking greater than six hours in an eight-hour workday, the VE's testimony cited by Plaintiff is not relevant. The ALJ did not include a

limitation concerning Plaintiff's ability to walk or stand in the RFC assessment. Thus, the ALJ was not required to include this limitation in his hypothetical to the VE. *Wilson*, 284 F.3d at 1227 (finding a VE's testimony constitutes substantial evidence when the ALJ poses a hypothetical question to the vocational expert "which comprises all of the claimant's impairments."). The ALJ did pose a question to the VE with limitations consistent with the RFC finding. (Tr. 54–55.) The VE testified that an individual with Plaintiff's RFC could perform work as an industrial cleaner as generally performed and as described in Plaintiff's testimony. (Tr. 55.) Because the ALJ's hypothetical question included all of Plaintiff's impairments addressed in the RFC finding, the VE's testimony constitutes substantial evidence. *See Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 916 (11th Cir. 2014) (affirming the ALJ's decision because the hypotheticals posed by the ALJ were consistent with the RFC determination and adequately considered all of claimant's credible limitations).

Moreover, the ALJ's decision concerning Plaintiff's RFC is supported by substantial, competent evidence. While Dr. Goodpasture's consultative report states that Plaintiff can stand and/or walk with normal breaks for a total of "[a]bout 6 hours in an 8-hour workday" and can sit with normal breaks for a total of "[a]bout 6 hours in an 8-hour workday," her report includes no medical findings supporting her opinion in that regard. (Tr. 74.) Rather, Dr. Goodpasture's review of Plaintiff's medical records notes that on March 8, 2013, Plaintiff "denies arthralgias or back pain" and has "[n]o problems walking" and on September 21, 2013, Plaintiff's gait was normal. (*Id*.) On April 21, May 12, and May 21, 2015, Plaintiff received treatment at the LoCicero Medical Group, where his gait and station were reported as normal. (Tr. 413, 417, 424.) On May 28, 2015, Plaintiff appeared well-nourished, well-developed, and was in no acute distress. (Tr. 427–28.) There was no indication of any impairments in his ability to stand or walk. (*Id*.) On

July 29, 2015, Plaintiff's gait and station were again noted as normal. (Tr. 431.) On April 22, 2015, Plaintiff underwent imaging of his right foot, both ankles, and both knees. (Tr. 451–56.) Plaintiff's right foot was unremarkable other than a small posterior calcaneal spur. (Tr. 451.) Imaging of his ankles showed small posterior calcaneal spurs and soft tissue calcifications, but were otherwise unremarkable. (Tr. 453–54.) Plaintiff's knees appeared unremarkable. (Tr. 455–56.) Therefore, the ALJ's RFC finding is supported by substantial evidence. *See Moore*, 405 F.3d at 1213 (affirming the ALJ's RFC determination as supported by substantial evidence despite claimant's citing other record evidence to challenge the ALJ's RFC assessment).

B.     **Plaintiff's Environmental Limitations**

Plaintiff next contends that the ALJ's decision was not supported by substantial evidence because his hypothetical to the VE did not include a limitation to avoid concentrated exposure to fumes, odors, dust, gases, or poorly ventilated areas. (Dkt. 26 at 7.) During the hearing, the ALJ asked the VE to consider an individual with a RFC to perform work at a medium level that does not include "more than a concentrated exposure to irritants such as fumes, odors, dust, gases, or poorly ventilated areas." (Tr. 54–55.) This hypothetical is identical to the environmental limitations set forth in the ALJ's RFC assessment. (Tr. 28.) Again, the ALJ was not required to include a limitation to "less than concentrated exposure" to environmental limitations in his hypothetical to the VE as it is not a limitation within Plaintiff's RFC assessment. *Wilson*, 284 F.3d at 1227. Further, the VE's testimony constitutes substantial evidence as the ALJ's hypothetical question included all of Plaintiff's impairments addressed in the RFC finding. *See Freeman*, 593 F. App'x at 916.

Without further explanation, Plaintiff also argues that the hypothetical is "inconsistent with the opinion of the medical consultant, which the Administrative Law Judge gave great weight.

She opined that the claimant must avoid concentrated exposure to these environmental irritants." (Dkt. 26 at 7.) Plaintiff's argument refers to Dr. Goodpasture's consultative report, wherein she concludes that Plaintiff should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. 75.) As addressed above, Dr. Goodpasture is a consultative examiner and, as such, her opinions are not entitled to the deference normally given treating sources. *McSwain*, 814 F.2d at 619; *Crawford*, 363 F.3d at 1160–161; 20 C.F.R. § 404.1527(c)(2).

Further, Plaintiff concedes that the VE testified that work performed as an industrial cleaner involves "exposure to the elements," including frequent, not concentrated, exposure to dust. (Tr. 56.) According to the Dictionary of Occupational Titles ("DOT"), performing work as an industrial cleaner does not entail concentrated exposure to atmospheric conditions or other environmental conditions. DICOT 381.687-018, 1991 WL 673258. Therefore, any error in the ALJ's hypothetical to the VE and RFC determination is harmless and does not warrant remand as performing a job as an industrial cleaner does not include concentrated exposure to fumes, odors, dust, gases, or poorly ventilated areas. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ error harmless where the error did not affect the decision).

C. **Plaintiff's Handling of Hazardous Equipment**

In his last argument, Plaintiff states that the ALJ disregarded material medical evidence regarding Plaintiff's ability to handle hazardous equipment. (Dkt. 26 at 8.) Plaintiff's argument relies upon multiple sleep studies conducted on Plaintiff regarding his sleep apnea. (*Id.*) In February 2015, Plaintiff was diagnosed with sleep apnea. (Tr. 468.) In April 2015, a second sleep study indicated that Plaintiff's sleep apnea is well controlled with a continuous positive airway pressure ("CPAP") machine, although he still had some breakthrough obstructive events. (Tr.

477.) Dr. Naishadh Mandaliya indicated that Plaintiff should use "[d]ue diligence handling heavy machinery and automobile[s]." (Tr. 478.)

Plaintiff makes no argument regarding how his limitation in handling hazardous equipment affects his ability to perform work as an industrial cleaner. Rather, Plaintiff argues that "the substantial evidence is that the claimant would have limitations with being around hazardous equipment." (Dkt. 26 at 8.) In his decision, the ALJ included a limitation in Plaintiff's RFC for no more than concentrated exposure to hazardous machinery. (Tr. 28.) The ALJ specifically addressed Plaintiff's sleep apnea, relying upon the April 2015 sleep study and Plaintiff's testimony that the CPAP machine helps him in finding Plaintiff's sleep apnea not severe. (Tr. 26–27, 48.) Therefore, the ALJ's decision is supported by substantial evidence, and Plaintiff's final contention does not warrant remand. *Moore*, 405 F.3d at 1211 ("Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion.").

Moreover, Plaintiff appears to be requesting the court to re-weigh the evidence. To the extent that Plaintiff points to other evidence which would undermine the ALJ's RFC determination, his contentions misinterpret the narrowly circumscribed nature of the court's appellate review, which precludes us from "re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner]…even if the evidence preponderates against" the decision. *Moore*, 405 F.3d at 1213 (quoting *Bloodsworth*, 703 F.2d at 1239). This court may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED.**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on January 2, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record